IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BRIDGESTONE AMERICAS TIRE OPERATIONS, LLC,<br><br>                           Plaintiff,<br><br>v.<br><br>TRW AUTOMOTIVE HOLDINGS CORP.; TRW AUTOMOTIVE U.S. LLC; TRW AUTOMOTIVE, INC.; and ENTIRE SOLUTIONS, LLC,<br><br>                           Defendants. | C.A. No. 13-_____ |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Bridgestone Americas Tire Operations, LLC ("Bridgestone" or "Plaintiff"), by its attorneys, Fish & Richardson, P.C., for its Complaint against TRW Automotive Holdings Corp., TRW Automotive U.S. LLC, TRW Automotive, Inc., and EnTire Solutions, LLC (collectively "TRW" or "Defendants") requesting damages and other relief, and alleging as follows:

### NATURE OF THE ACTION

1.    This is an action for infringement of United States Patents Nos. 5,562,787 (the "'787 patent"), 6,630,885 (the "'885 patent"), and 7,161,476 (the "'476 patent") (collectively, "the Asserted Patents") under 35 U.S.C. § 271 (a), (b), (c), and (f).

### PARTIES

2.    Plaintiff Bridgestone is a limited liability company organized and existing under the laws of the state of Delaware with a principal place of business at 535 Marriott Drive, Nashville, Tennessee 37214.

3. Defendant TRW Automotive Holdings Corp. is a corporation organized and existing under the laws of the state of Delaware with a principal place of business at 12001 Tech Center Drive, Livonia, Michigan 48150.

4. Defendant TRW Automotive U.S. LLC is a limited liability company organized and existing under the laws of the state of Delaware with a principal place of business at 12200 Tech Center Drive, Livonia, Michigan 48150.

5. Defendant TRW Automotive, Inc. is corporation organized and existing under the laws of the state of Delaware with a principal place of business at 49081 Wixom Tech Drive, Wixom, Michigan 48393.

6. Defendant EnTire Solutions, LLC is a limited liability company organized and existing under the laws of the state of Delaware with a principal place of business at 24175 Research Drive, Farmington Hills, Michigan 48335.

## JURISIDICTION AND VENUE

7. This action arises under the patent laws of the United States of America, United States Code, Title 35, Section 1, *et seq*. This Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1338.

8. Based on the facts and causes of action alleged herein, the Court has personal jurisdiction over each Defendant.

9. Venue is proper in this Court under 28 U.S.C. §§ 1391 and 1400(b) at least because the Court has personal jurisdiction over each Defendant.

## BACKGROUND

10. Upon information and belief, Defendants conduct substantial business in this District and have committed and continue to commit acts of infringement in this District.

11. Defendants' products include both direct and enhanced direct TPMS sensors (collectively referred to as "TPMS Sensors"), which are tire pressure monitoring system sensors used on vehicles.

12. Upon information and belief, Defendants transact business in the District of Delaware, including the sale and offering for sale of products manufactured or distributed by Defendants. Those products include, but are not limited to, Defendants' TPMS Sensors.

13. Upon information and belief, Defendants' TPMS Sensors are sold in both the automotive original market and the automotive aftermarket. TRW instructs its customers in both the automotive original sensor market and the aftermarket sensor market on how to install its TPMS sensors on vehicle tires, by at least training installers and providing installers with detailed product and technical information.

14. Upon information and belief, Defendants manufacture the TPMS Sensors, or a substantial portion of the same, and directly and through affiliates use, import, sell, and offer to sell the same, in the United States.

15. Upon information and belief, Defendants directly and through affiliates use, import, sell, and offer to sell the TPMS Sensors in the United States and in this District.

## PATENTS-IN-SUIT

16. The '787 patent, titled "Method of Monitoring Conditions of Vehicle Tires," issued on October 8, 1996. A copy of the '787 patent is attached hereto as Exhibit A.

17.     The '885 patent, titled "Electronic Tire Management System," issued on October 7, 2003. A copy of the '885 patent is attached hereto as Exhibit B.

18.     The '476 patent, titled "Electronic Tire Management System," issued on January 9, 2007. A copy of the '476 patent is attached hereto as Exhibit C.

19.     The Asserted Patents have been assigned to Bridgestone and Bridgestone is the owner of all right, title, and interest in and to those patents, including the right to sue, enforce, and recover all damages, past and future, for all infringements.

20.     Bridgestone has incurred substantial effort and expenses to develop the technologies leading to the Asserted Patents.

## COUNT I

21.     The allegations of paragraphs 1-20 are incorporated as though fully set forth herein.

22.     Upon information and belief, Defendants had knowledge of the '787 patent at least as of the filing of this Complaint.

23.     Upon information and belief, Defendants have been and are now infringing, inducing infringement, and contributing to the infringement of one or more claims of the '787 patent, either literally and/or under the doctrine of equivalents, by making, using, importing, selling, and offering to sell devices, including at least TPMS Sensors, and/or inducing or contributing to the importation, use, offer for sale, and sale by others of such devices covered by one or more claims of the '787 patent, all to the injury of Bridgestone. Since at least after receiving notice of this Complaint, Defendants have knowingly contributed to the infringement, and continue to contribute to the infringement of one or more claims of the '787 patent by offering their products to their customers, which constitute a material part of the invention and

are not staple articles or commodities of commerce suitable for substantial noninfringing use. Further, after receiving notice of this Complaint, Defendants have induced infringement, and continue to induce infringement, of one or more claims of the '787 patent, with specific intent that their products be used by Defendants' customers to infringe the '787 patent.

24. Defendants' acts of infringement have injured and damaged Bridgestone, and such acts will continue to cause Bridgestone to suffer damages.

25. Defendants' infringement has caused irreparable injury to Bridgestone and will continue to cause irreparable injury until Defendants are enjoined from further infringement by this Court.

## **COUNT II**

26. The allegations of paragraphs 1-25 are incorporated as though fully set forth herein.

27. Upon information and belief, Defendants have knowledge of the '885 patent at least as of the filing of this Complaint.

28. Upon information and belief, Defendants have been and are now infringing, inducing infringement, and contributing to the infringement of one or more claims of the '885 patent, either literally and/or under the doctrine of equivalents, by making, using, importing, selling, and offering to sell devices, including at least TPMS Sensors, and/or inducing or contributing to the importation, use, offer for sale, and sale by others of such devices covered by one or more claims of the '885 patent, all to the injury of Bridgestone. Since at least after receiving notice of this Complaint, Defendants have knowingly contributed to the infringement, and continue to contribute to the infringement of one or more claims of the '885 patent by offering their products to their customers, which constitute a material part of the invention and

are not staple articles or commodities of commerce suitable for substantial noninfringing use. Further, after receiving notice of this Complaint, Defendants have induced infringement, and continue to induce infringement, of one or more claims of the '885 patent, with specific intent that their products be used by Defendants' customers to infringe the '885 patent.

29. Defendants' acts of infringement have injured and damaged Bridgestone, and such acts will continue to cause Bridgestone to suffer damages.

30. Defendants' infringement has caused irreparable injury to Bridgestone and will continue to cause irreparable injury until Defendants are enjoined from further infringement by this Court.

## COUNT III

31. The allegations of paragraphs 1-30 are incorporated as though fully set forth herein.

32. Upon information and belief, Defendants had knowledge of the '476 patent at least as of the filing of this Complaint.

33. Upon information and belief, Defendants have been and are now infringing, inducing infringement, and contributing to the infringement of one or more claims of the '476 patent, either literally and/or under the doctrine of equivalents, by making, using, importing, selling, and offering to sell devices, including at least TPMS Sensors, and/or inducing or contributing to the importation, use, offer for sale, and sale by others of such devices covered by one or more claims of the '476 patent, all to the injury of Bridgestone. Since at least after receiving notice of this Complaint, Defendants have knowingly contributed to the infringement, and continue to contribute to the infringement of one or more claims of the '476 patent by offering their products to their customers, which constitute a material part of the invention and

are not staple articles or commodities of commerce suitable for substantial noninfringing use. Further, after receiving notice of this Complaint, Defendants have induced infringement, and continue to induce infringement, of one or more claims of the '476 patent, with specific intent that their products be used by Defendants' customers to infringe the '476 patent.

34. Defendants' acts of infringement have injured and damaged Bridgestone, and such acts will continue to cause Bridgestone to suffer damages.

35. Defendants' infringement has caused irreparable injury to Bridgestone and will continue to cause irreparable injury until Defendants are enjoined from further infringement by this Court.

## PRAYER FOR RELIEF

Wherefore, Plaintiff requests the following relief:

(a) judgment against Defendants as to infringement of the '787 patent;

(b) judgment against Defendants as to infringement of the '885 patent;

(c) judgment against Defendants as to infringement of the '476 patent;

(d) a permanent injunction preventing Defendants and their officers, directors, agents, servants, employees, attorneys, licensees, successors, and customers and those in active concert or participation with any of them, from making, using, importing, offering to sell, or selling any devices that infringe or contribute to the infringement of any claim of the Asserted Patents, or from inducing others to infringe any claim of the Asserted Patents;

(e) judgment against Defendants for money damages adequate to compensate Bridgestone for Defendants' infringement of the Asserted Patents, pre-judgment interest and post-judgment interest as allowed by law, costs, and other damages permitted under 35 U.S.C. § 284;

(f) an award of a compulsory ongoing licensing fee to compensate for any future acts of infringement by Defendants;

(g) an accounting for any infringing sales not presented at trial and an award by the Court of additional damages for any such infringing sales;

(h) a declaration that this case is exceptional pursuant to 35 U.S.C. § 285, and an award of Bridgestone's costs and reasonable attorneys' fees incurred in connection with this action; and

(i) such other and further relief as this Court finds just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff requests trial by jury.

Dated: September 6, 2013

FISH & RICHARDSON P.C.

By: _____
Tara D. Elliott (#4483)
Martina Tyreus Hufnal (#4771)
Joseph B. Warden (#5401)
222 Delaware Avenue, 17th floor
P.O. Box 1114
Wilmington, DE 19899-1114
(302) 652-5070

*Attorneys for Plaintiff*
*Bridgestone Americas Tire Operations, LLC*